IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| TONY ALLEN DICKENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-05018-CV-SW-RK |
| | ) | |
| CAROLYN W. COLVIN,[1] ACTING COMMISSIONER OF SSA; | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff Tony Dickens ("Plaintiff")'s appeal of the Commissioner of Social Security ("Commissioner")'s final decision denying his application for Social Security insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-434. For the reasons below, the Commissioner's decision is REVERSED and this case is REMANDED to the Commissioner.

**Standard of Review**

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [Commissioner's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account evidence that both supports and detracts from the Administrative Law Judge's ("ALJ") findings. *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, however for consistency purposes, the case style in this legal action remains as originally filed.

outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court should "defer heavily to the findings and conclusions of the [Commissioner]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintiff suffered from the following severe impairments: fibromyalgia, sleep apnea, morbid obesity, and adjustment disorder with depression and anxiety. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equals the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1. Despite Plaintiff's impairments, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform less than a full range of sedentary work with several exceptions and limitations. The ALJ found Plaintiff incapable of performing past relevant work as a recruiter or corpsman but found that there were jobs in significant numbers in the national economy that Plaintiff can perform, such as a call out operator, document preparer, and touchup screener. Therefore, the ALJ determined Plaintiff was not disabled, as defined in the Act, from June 1, 2013, through the date of the ALJ's decision.

On appeal, Plaintiff alleges errors related to (1) whether the ALJ properly discounted Plaintiff's credibility, (2) whether the ALJ properly weighed medical opinion evidence, (3) whether the ALJ relied on flawed vocational expert testimony, and (4) whether the ALJ considered and weighed the disability finding from the Department of Veterans Affairs ("VA") that found Mr. Dickens is entitled to disability benefits. Because the Court finds that the ALJ erred by failing to comply with the obligation to discuss and weigh the VA disability determination, the decision is reversed and remanded.

In *Morrison v. Apfel*, the Eighth Circuit held that the ALJ erred in failing to address a disability determination from the VA. 146 F.3d 625, 628 (8th Cir. 1998). There, the Court stated:

> It is true that the ALJ does not have to discuss every piece of evidence presented. . . . It is also true that a disability determination by the VA is not binding on an ALJ considering a Social Security applicant's claim for disability benefits. We

think, however, that the VA finding was important enough to deserve explicit attention. We agree with other courts that findings of disability by other federal agencies, even though they are not binding on an ALJ, are entitled to some weight and must be considered in the ALJ's decision.

*Id.* (internal citations and quotations omitted). Although *Morrison* held that an ALJ should state his or her reasons for rejecting the VA's disability determination, the Eighth Circuit has since held that proper consideration is given to a VA disability determination if the ALJ considers and discusses the underlying medical evidence that supported the VA's disability determination. *Pelkey v. Barnhart*, 433 F.3d 575, 580 (8th Cir. 2006).[2]

Here, the only comment in the ALJ's decision regarding the VA's disability determination was in conjunction with the discussion regarding Plaintiff's income. The ALJ noted "[Plaintiff] retired with a VA disability pension." Thus, it is unclear what consideration, if any, the ALJ gave to the VA's disability determination. The ALJ's failure to discuss the records underlying the VA's disability determination, coupled with the ALJ's failure to provide reasons for rejecting the VA's disability determination, constitutes error for which this case must be remanded.

### Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that the ALJ erred by failing to address the VA's disability determination. Accordingly, the decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

                                                s/ Roseann A. Ketchmark
                                                ROSEANN A. KETCHMARK, JUDGE
                                                UNITED STATES DISTRICT COURT

DATED: March 16, 2017

---

[2] As discussed in *Rael v. SSA*, it is questionable whether "discussing the evidence underlying the disability decision of another agency-without explaining the consideration given to the decision itself-is fully consistent with the policy interpretation set forth in the Social Security Ruling [2006 SSR LEXIS 5]" which became effective after *Pelkey* was decided. No. 8:07CV432, 2008 U.S. Dist. LEXIS 69887, at *38 (D. Neb. Sep. 16, 2008); *see* 2006 SSR LEXIS 5 at *18 ("the adjudicator should explain the consideration given to these decisions"). However, the Court need not resolve this issue here because the ALJ's decision is deficient even under *Pelkey*.

3

Case 3:16-cv-05018-RK   Document 11   Filed 03/16/17   Page 3 of 3